Case 2:14-cv-02033-JWS   Document 102   Filed 12/03/15   Page 1 of 3

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Gateway Deliveries, LLC** ) | |
|        **Plaintiff,** ) | 2:14-cv-02033 JWS |
|     vs. ) | **ORDER AND OPINION** |
| **Mattress Liquidators, Inc.,** *et al.*, ) | [Re: Motion at Docket 50] |
|        **Defendants.** ) | |

### I.  MOTION PRESENTED

At docket 50 plaintiff Gateway Deliveries, LLC ("Gateway") moves pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order compelling defendant Mattress Firm, Inc. ("Mattress Firm") to produce documents responsive to Gateway's second requests for production of documents ("RFP") and for an award of attorney's fees.  Mattress Firm opposes at docket 74; Gateway replies at docket 76.  Oral argument was not requested and would not assist the court.

### II.  BACKGROUND

The background to this case is set out in the court's order at docket 31 and need not be repeated here.  Suffice it to say for present purposes that Mattress Firm's response to Gateway's RFP, through counsel Gary L. Rosser, contained objections but

no documents.[1]  Gateway's counsel, Stefan M. Palys, sent Mr. Rosser two emails in August 2015 regarding the parties' current discovery dispute.[2]  Mr. Rosser did not respond.  Three days after the latter email, Gateway filed the present motion to compel.

On August 26 the court granted Mattress Firm's application to substitute Ronda R. Fisk for Mr. Rosser as its attorney of record, but specifically retained jurisdiction to order any relief that might be appropriate based on Mr. Rosser's conduct in this case.[3]  Ms. Fisk states that after conferring with Gateway's counsel, Mattress Firm produced documents that, it believes, resolves the parties' discovery dispute.  Gateway confirms that it received these documents, and it does not identify any problems with the production.

### III.  DISCUSSION

Gateway's motion for an order compelling Mattress Firm to produce documents responsive to its RFP is denied as moot.  The only remaining issue before the court is whether an award of attorney's fees is appropriate.  Rule 37(a)(5) provides that if the requested discovery is provided after a motion to compel is filed, the court ordinarily "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  An attorney's fee award is unwarranted, however, where "(I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[4]

---

[1] Doc. 50-1 at 13.

[2] *Id.* at 16.

[3] Doc. 60.

[4] Fed. R. Civ. P. 37(a)(5)(A).

Mattress Firm argues that Gateway filed this motion before attempting in good faith to obtain the discovery without court action. It notes that Gateway filed the motion only two weeks after the court entered the parties' stipulated protective order on July 30,[5] which triggered Mattress Firm's obligation to produce the requested documents. It also argues that Gateway should have made additional efforts to confer with Mr. Rosser because it knew that he "had suffered serious health issues in the past."[6]

The court agrees with Mattress Firm that, by filing this motion to compel only eight business days after Mr. Palys first attempted to confer with Mr. Rosser, Gateway did not engage in a good faith effort to avoid court intervention. Even more troublesome, despite Mr. Palys' LRCiv 7.2(j) certification that he personally consulted with Mattress Firm's counsel, the record reflects that he sent Mr. Rosser two emails but did not talk to him in person or on the telephone. "Personal consultation requires face-to-face communication, or at least telephone communication. Letters, faxes, and e-mails are insufficient."[7] Gateway's motion for attorney's fees is denied.

## IV.  CONCLUSION

For the reasons stated above, Gateway's motion at docket 50 is **DENIED**.

DATED this 3rd day of December, 2015.

                                                /s/ JOHN W. SEDWICK
                                SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Doc. 48.

[6] Doc. 74 at 2.

[7] *Hart v. Agnos*, No. CV-77-0479-PHX-NVW, 2008 WL 2008966, at *7 (D. Ariz. Apr. 25, 2008). See also *Sandpiper Resorts Dev. Corp. v. Glob. Realty Investments, LLC*, No. 2:08-CV-01360 JWS, 2012 WL 2009965, at *1 (D. Ariz. June 5, 2012); *Bustamante v. Graco, Inc.*, No. CV03-182TUCJMR, 2005 WL 5976149, at *1 (D. Ariz. Dec. 1, 2005) ("[A]ny . . . statement that is filed in compliance with LRCiv 7.2(j) *may not be based merely on written correspondence between the parties*.") (emphasis in original).